```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 3   UNITED STATES OF AMERICA,
 4              v.                             15 CR 643 (PKC)
 5   JASON GALANIS, JOHN GALANIS,
     JARED GALANIS, GARY HIRST,
 6   DEREK GALANIS, GAVIN HAMELS,
 7              Defendants.                    ARRAIGNMENT
 8   ------------------------------x
 9                                             New York, N.Y.
                                               October 7, 2015
10                                             12:23 p.m.
11
     Before:
12
                    HON. P. KEVIN CASTEL,
13
                                               District Judge
14
15                        APPEARANCES
16
     PREET BHARARA,
17        United States Attorney for the
          Southern District of New York
18   BRIAN BLAIS
     ANDREW BAUER
19   DINA McLEOD
          Assistant United States Attorneys
20
     THOMAS P. MAZZUCCO
21   AARON K. McCLELLAN
          Attorneys for Defendant Jason Galanis
22
     KEVIN V. RYAN
23   PAUL R. GRAND
          Attorneys for Defendant John Galanis
24
     BARRY A. BOHRER
25        Stand-In Attorney for Defendant Jared Galanis
```

FA7VGALN

```
                      APPEARANCES (continued)


MICHAEL TREMONTE
     Attorney for Defendant Hirst

ANTHONY J. BRASS
THOMAS P. MAZZUCCO, Stand-In Counsel
     Attorneys for Defendant D. Galanis

SETH L. LEVINE
JILLIAN B. BERMAN
     Attorneys for Defendant Hamels


ALSO PRESENT:  ADAM FASCIO, Postal Agent
```

1              (Case called)
2              MR. BLAIS:  Good afternoon, your Honor.
3              Brian Blais, Andrew Bauer, and Dina McLeod for the
4     government.  Also with us at counsel table is United States
5     Postal Inspector Adam Fascio.
6              THE COURT:  Good afternoon to you all.
7              Let me take it defendant-by-defendant.
8              For defendant Jason Galanis.
9              MR. MAZZUCCO:  Good morning, your Honor.
10             Thomas Mazzucco on behalf of Jason Galanis, with my
11    co-counsel, Mr. Aaron McClellan.
12             THE COURT:  Afternoon to you.
13             John Galanis.
14             MR. RYAN:  Good afternoon, your Honor.
15             Kevin Ryan on behalf of John Galanis.
16             And my colleague here.
17             MR. GRAND:  Paul Grand, local counsel.
18             THE COURT:  Good to see you, Mr. Grand.
19             And for Jared Galanis?
20             MR. BOHRER:  Your Honor, Barry Bohrer, with your
21    Honor's indulgence, standing in for Mr. Lassart, who is counsel
22    of record and has filed a notice of appearance, I haven't, for
23    Mr. Galanis.
24             THE COURT:  All right.
25             Mr. Jared Galanis, where are you?

1           DEFENDANT JARED GALANIS:  Here, your Honor.
2           THE COURT:  All right.
3           Is that acceptable to you?
4           DEFENDANT JARED GALANIS:  Yes, your Honor.
5           THE COURT:  Where is John Galanis, just so I know
6  who's who?
7           DEFENDANT JOHN GALANIS:   I am, sir.
8           THE COURT:  All right.
9           And Jason Galanis.
10           DEFENDANT JASON GALANIS:  Your Honor.
11           THE COURT:  Thank you.
12           All right.  Where is Gary Hirst?
13           Thank you.
14           And for Mr. Hirst?
15           MR. TREMONTE:  Good afternoon, your Honor.
16           Michael Tremonte.  I am here with my colleague Noam
17  Biale for Mr. Hirst.
18           THE COURT:  All right.  Afternoon.
19           Derek Galanis?  Thank you.
20           Who is appearing for Mr. Derek Galanis?
21           MR. BRASS:  Good afternoon, your Honor.
22           Tony Brass, appearing for Derek Galanis.
23           I will confess that I am not admitted to practice in
24  this district yet.  I've made an effort at substantial
25  performance in that regard, but in the event I am not admitted,

1    Mr. Mazzucco will stand in for Mr. Galanis.
2              THE COURT:  All right.
3              You will need to apply for *pro hac vice* admission or
4    admission for all purposes; but, in any event, Mr. Mazzucco is
5    here today.
6              Is this arrangement satisfactory to you, Derek
7    Galanis?
8              DEFENDANT DEREK GALANIS:  Yes, your Honor.
9              THE COURT:  All right.  Thank you.
10             And Gavin Hamels?  Thank you.
11             Appearing for Gavin Hamels?
12             MR. LEVINE:  Good afternoon, your Honor.
13             Seth Levine and Jillian Berman for Mr. Hamels.
14             THE COURT:  All right.  Afternoon.  Good to see you
15   both.  Good to see you, Ms. Berman.
16             MS. BERMAN:  Good afternoon, your Honor.
17             THE COURT:  The first order of business is the
18   arraignment.  So I will go through the list of defendants and
19   the questions will be as follows:
20             Has your client received, reviewed, and discussed with
21   you the indictment which has been filed under the docket number
22   15 CR 643?  Does your client waive a public reading of the
23   indictment?  And how does your client plead to the charges in
24   the indictment?
25             For Jason Galanis, Mr. Mazzucco.

1           MR. MAZZUCCO:  Yes, your Honor.
2           We have reviewed the indictment with our client.  Our
3    client has waived reading of the -- formal reading of the
4    indictment, and he enters a plea of not guilty.
5           THE COURT:  All right.  A plea of not guilty will be
6    entered.
7           John Galanis, Mr. Ryan and Mr. Grand.
8           MR. GRAND:  We have reviewed the indictment with
9    Mr. Galanis.  We waive a reading of that indictment, and he
10   pleads not guilty, your Honor.
11          THE COURT:  All right.  A plea of not guilty will be
12   entered on the record.
13          Mr. Tremonte for Mr. Hirst.
14          MR. TREMONTE:  Your Honor, we have reviewed the
15   indictment with Mr. Hirst.  Mr. Hirst waives the reading, and
16   he enters a plea of not guilty.
17          THE COURT:  All right.
18          Mr. Mazzucco for Derek Galanis.
19          MR. MAZZUCCO:  Yes, your Honor.
20          I have been informed by Tony Brass, counsel for
21   Mr. Derek Galanis, that they have reviewed the indictment.
22   Mr. Galanis also waives formal reading of the indictment, and
23   enters a plea of not guilty.
24          THE COURT:  All right.
25          And on behalf of Mr. Hamels.

1          MR. LEVINE:  Your Honor, we have reviewed the
2     indictment with our client.  He waives the public reading, and
3     we enter a plea of not guilty to the count which he has been
4     charged.
5          THE COURT:  All right.  Thank you.
6          Let me hear from --
7          MR. BOHRER:  Your Honor, I hope it's a good omen, but
8     you skipped Jared Galanis.
9          THE COURT:  Oh, I'm so sorry.  Thank you.
10         MR. BOHRER:  On behalf of Mr. Lassart, the answer to
11    the questions are the same as your Honor has heard:  The
12    indictment has been reviewed, reading is waived, and a plea of
13    not guilty is entered.
14         THE COURT:  All right.  Thank you, Mr. Bohrer.
15    Appreciate that.
16         Let me hear from Mr. Blais.  What's the nature of the
17    discovery materials, what's the volume of the discovery
18    materials?
19         MR. BLAIS:  Yes.  Thank you, your Honor.
20         Your Honor, the nature of the discovery material in
21    this case is largely documentary.  It consists primarily of
22    materials that were produced either to our office in response
23    to subpoenas or to the Securities and Exchange Commission in
24    various parallel proceedings.
25         We are prepared to make an initial production on

1     Friday of this week, which will consist of a series of
2     Concordance databases that contain the large majority -- the
3     significant majority of those materials that I just referenced.
4              That production will contain approximately 335,000
5     documents, with a page count of approximately 1.3 million
6     pages.  So that production is set to go out.
7              There will be a second production that will go out
8     next week that consists of emails in five email accounts for
9     which we executed search warrants.  I don't have the exact
10    number of emails that were in that universe, but it covers an
11    approximately five-year period.  So there is a reasonably
12    substantial number of emails, and that production will go out
13    next week.
14             Then there are some dribs and drabs of additional
15    materials that we're still compiling that will go out
16    subsequent to that.
17             THE COURT:  All right.
18             Any Title III wiretaps?
19             MR. BLAIS:  There are no wiretaps in this matter, your
20    Honor.
21             THE COURT:  All right.
22             No consensual recordings?
23             MR. BLAIS:  There are a small number of consensual
24    recordings which will be produced in due course, as well.
25             THE COURT:  All right.

FA7VGALN

1      Approximately how long do you estimate it will take to
2  try the case?
3      MR. BLAIS:  Our current estimate is four weeks, your
4  Honor.
5      THE COURT:  All right.
6      It seems to me that defense counsel will need a period
7  of time to review the materials and be in a position to advise
8  the Court whether there are any motions.  I would propose to
9  set that for January 15, 2016, at noon.
10     Is that acceptable to the defendants?
11     MR. MAZZUCCO:  Yes, your Honor.
12     MR. RYAN:  Yes, your Honor.
13     MR. GRAND:  Yes, your Honor.
14     MR. BOHRER:  Yes, your Honor.
15     MR. TREMONTE:  Yes, your Honor.
16     THE COURT:  All right.
17     That would be the date and time to advise whether
18 there are any motions you wish to make in the case.
19     Is that acceptable to the government?
20     MR. BLAIS:  It is, your Honor.
21     THE COURT:  All right.
22     It seems to me, with potentially six set of counsel in
23 this case, that it also would be prudent to set a date for the
24 trial of this action.  I propose to set it for trial for April
25 11th, 2016 at 10 a.m.

1              What else is there that we can usefully accomplish
2     today?
3              MR. BLAIS:  Your Honor, we have two additional sets of
4     issues that we would like to raise.
5              The first is just with respect to bail.
6              There are two defendants appearing here today for whom
7     it is their first appearance in this district.  They were
8     presented initially in another district.  That is Jared
9     Galanis, who was presented in the District of Maryland; and
10    Derek Galanis, who was presented in the Northern District of
11    California.  There were bail packages set for both defendants
12    in those districts.  They were consented to, agreed-upon
13    packages between counsel for those defendants and the
14    government.
15             I'm happy to outline the terms of the bail package if
16    your Honor wishes, but we would simply ask that your Honor
17    adopt the bail packages that were set in those other districts
18    as the bail packages to exist in this district.
19             THE COURT:  For Jared Galanis and --
20             MR. BLAIS:  Derek Galanis.
21             THE COURT:  And Derek Galanis.
22             Mr. Bohrer, any objection to that?
23             MR. BOHRER:  There is no objection, with one wrinkle,
24    your Honor.  And again, I speak on behalf of Mr. Lassart.
25             There is a bail condition --

1      THE COURT:  Well, actually, you speak on behalf of
2   Jared Galanis.
3      MR. BOHRER:  Yes, both.
4      There is a condition unique to Mr. Galanis, and that
5   is one as to which a letter has been filed by Mr. Lassart.  The
6   government consents to the relief which I'm about to seek from
7   your Honor.
8      The condition is --
9      THE COURT:  This is the contact with --
10     MR. BOHRER:  Correct.
11     THE COURT:  Yes.  And I entered an order, I believe,
12  yesterday with regard to this asking for the government to
13  explain its position.
14     As I understand it, the existing bail conditions
15  permit Mr. Jared Galanis to confer with codefendants anytime he
16  wishes to on noncase-related matters.
17     MR. BOHRER:  Correct.
18     My understanding is it was the government's position
19  that they did not object to removing the condition as it
20  currently exists, which prohibits him from discussing the
21  matter, case-related matters, with codefendants.
22     MR. BLAIS:  Yes, your Honor.
23     First, I actually don't believe that that particular
24  order was docketed.  If I missed it, I apologize.
25     THE COURT:  Apparently, it's in the process of being

1    docketed.  It literally, I think, was last night.
2             MR. BOHRER:  In any event, with the government's
3    consent, we would ask your Honor to remove that condition.
4             MR. BLAIS:  Your Honor, we have no objection to
5    removal of that condition.  It was a condition that was set in
6    the District of Maryland.  It was unique to Jared Galanis; it
7    is not a condition that was set for any of the other
8    defendants, for example, here in the Southern District of New
9    York.  So it struck us as not necessary to have a unique
10   condition applying to Jared, but not to any of the other
11   defendants.  So we had no objection to removing that particular
12   condition.
13            THE COURT:  All right.
14            With that condition removed, the bail package
15   previously set will stand.  So the prohibition on contact with
16   codefendants is removed in the case of Jared Galanis.
17            MR. BOHRER:  We appreciate that, your Honor.
18            One further matter, briefly.
19            The conditions of that package were scheduled to be
20   met by today.  My understanding is that well in excess of 90
21   percent of the work has been done in that regard.  But similar
22   to applications that your Honor has granted recently, we would
23   ask for an additional week -- and again, I think we don't have
24   an objection from the government on this -- in order to comply
25   with the bail conditions.

1          THE COURT:  Any objection to extending it to October
2    14th?
3          MR. BLAIS:  No objection, your Honor.
4          My understanding is that the relevant cosigners have
5    all signed the bond.  The one remaining condition that needs to
6    be met is the pledge of property which can often be a somewhat
7    time-consuming process, because there's legal documentation
8    that needs to be prepared.  But with all that said, we have no
9    objection to the condition.
10         THE COURT:  The time for compliance is extended till
11   October 14th.
12         Mr. Blais, I'm going to ask you when you get back to
13   the office, you or somebody on your team, to prepare a written
14   order reflecting the rulings as to Jared Galanis so I can get
15   that on the docket, including the removal of the one condition.
16         MR. BOHRER:  Thank you, your Honor.
17         MR. BLAIS:  That's fine, your Honor.
18         THE COURT:  With regard to Derek Galanis, the
19   government is consenting to the existing bail conditions
20   continuing.
21         Mr. Mazzucco.
22         MR. MAZZUCCO:  Your Honor, we again ask for an
23   additional week, as they did with Jared Galanis.  We're going
24   to get the proper signatures.
25         And, candidly, also with my other client, Mr. Jason

```
 1    Galanis, we also ask for an additional week.  We spoke to the
 2    government.  There's been some difficulties in making the
 3    arrangements, people located all throughout the country.  So
 4    with another week, we should be able to facilitate that for
 5    Mr. Jason Galanis and complete the work for Mr. Derek Galanis.
 6            THE COURT:  Okay.  As to Jason Galanis and Derek
 7    Galanis, the time to comply with the bail conditions is
 8    extended to October 14th, without objection from the
 9    government; is that right?
10            MR. BLAIS:  No objection, although I do think there is
11    already an order in place extending the time for Derek.  I
12    think there was an application made to extend the time for
13    Derek and John that was approved by your Honor.  But,
14    nonetheless, we have no objection to that extension.
15            THE COURT:  All right.
16            If and to the extent it does not reflect an extension
17    to October 14th, I would ask for you to prepare an order on
18    that, as well, Mr. Blais.
19            MR. BLAIS:  That's fine.
20            MR. MAZZUCCO:  Thank you, your Honor.
21            THE COURT:  Okay.
22            Anything else from either the government -- from the
23    government.
24            MR. BLAIS:  Yes.
25            So that was the first area that we wanted to
```

1    highlight.

2            THE COURT:  Yes.

3            MR. BLAIS:  Your Honor, the second area are potential
4    conflict issues that we believe will require *Curcio* hearings.
5    Our current understanding is that there are three such
6    potential conflicts.

7            The first potential conflict is Jason Galanis is
8    represented by Mr. Mazzucco, who is here today.  Jared Galanis
9    is represented -- at least counsel of record is an individual
10   named James Lassart, who's not here today.  But Mr. Lassart and
11   Mr. Mazzucco are at the same law firm, Murphy, Pearson, Bradley
12   & Feeney in San Francisco.  And we believe that raises a
13   potential conflict.  That should be *Curcio*'d.

14           The second issue is Mr. Grand is here representing
15   John Galanis.  Mr. Grand's partner, Benjamin Fischer,
16   represents an individual named Michael Hlavsa, who we
17   anticipate would be a witness in any trial in this matter, and
18   we believe that's also a conflict.

19           And then finally, Mr. Brass represents Derek Galanis.
20   He previously -- and I don't know whether his representation of
21   this individual continues, but he previously represented an
22   individual named Meghan McEnroe, again, who we would anticipate
23   would be a government trial witness in this matter.

24           THE COURT:  What I'm going to do is set a *Curcio*
25   hearing for 2 p.m. on November 10th.  I'm going to require the

1    government to lay out the grounds in a letter to be delivered
2    to the affected counsel by October 16, 2015, which will give
3    the counsel an opportunity to reflect on whether they should
4    perhaps withdraw without the necessity of the *Curcio* hearing.
5    But if there is the need for the hearing, then it will take
6    place 2 p.m. on November 10th.
7             Does that work for the government?
8             MR. BLAIS:  That's fine, your Honor.
9             THE COURT:  Does that work for defense counsel
10   affected?
11            MR. MAZZUCCO:  Yes, your Honor.
12            MR. GRAND:  Yes, your Honor.
13            THE COURT:  All right.
14            What else, Mr. Blais?
15            MR. BLAIS:  That's it from the government, your Honor.
16            THE COURT:  Anything from any of the defendants?
17            MR. LEVINE:  Your Honor, just briefly.
18            My client lives in California.  I'm wondering if the
19   Court would allow him to be excused for routine appearances,
20   status conferences and the like, obviously he'll attend all
21   required appearances, just for economy's sake.
22            THE COURT:  I don't know what a routine appearance is;
23   I'm not planning any.  If I have any, I'll consider waiving or
24   allowing him to waive, but I don't yet have any plans.
25            MR. LEVINE:  Thank you, your Honor.

1             THE COURT:  All right.

2             But if there is one, then I think what you ought to do

3     is let me know in advance, and I'll consider your application

4     at that point.

5             Let me set a date for the final pretrial conference in

6     this case, which will be April 1st at 11 a.m., and give you

7     some other dates.

8             The government's request to charge, voir dire

9     requests, and any 404(b) evidence or other government motions

10    *in limine* will be due on February 19, 2016.

11            The defendants' response to the motions *in limine*, as

12    well as any motions *in limine* that any defendant wishes to

13    make, as well as any objections to the government's request to

14    charge, any instructions which the defendants wish, and any

15    voir dire, will be due on March 4.

16            Response to the motions from the government will be

17    due on March 18th.

18            If anybody wants to put anything further in at the

19    time, you should write to me and let me know what you want to

20    do.  The idea is to have all the materials in hand so I can

21    carefully review it well in advance of the April 1 date.  That

22    schedule, with all submissions in by March 18th, will allow me

23    to do that.

24            All right?

25            MR. MAZZUCCO:  Your Honor, one matter.

1     I just spoke to counsel for Mr. Derek Galanis with
2  reference to the *Curcio* hearing for November 10th. Mr. Brass
3  has an appearance in state court on a preliminary hearing; he
4  is not available. Is the 17th of November available for --
5     THE COURT: It would have to be an earlier date, not a
6  later date.
7     MR. MAZZUCCO: How about November 3rd?
8     THE COURT: No, I'm out of the country.
9     Let me give you another date, if that date is not
10 convenient.
11    I can do it on October 28th at 11 a.m.
12    MR. MAZZUCCO: Your Honor, with the Court's
13 indulgence, I have a permanent assignment on Wednesdays in San
14 Francisco. So I spoke to defense counsel about it. Some other
15 issues I'm involved in; every Wednesday I need to be in San
16 Francisco. I can explain to the Court off the record or
17 sidebar, if the Court would like to hear, but any day works but
18 Wednesdays for me to stand in for that hearing.
19    THE COURT: All right.
20    MR. MAZZUCCO: Thank you, your Honor.
21    THE COURT: Let's see. I can do October 27th at 2:30
22 p.m.
23    MR. MAZZUCCO: Thank you, your Honor. That will work.
24    THE COURT: So that will be the date and time for the
25 *Curcio* hearing as to all affected counsel.

1                MR. MAZZUCCO:  Thank you, your Honor.
2                THE COURT:  So there's no ambiguity.
3                Anything else from any defendant?
4                I'll hear the government's application.
5                MR. BLAIS:  Thank you, your Honor.
6                The government would move to exclude time under the
7     Speedy Trial Act between today and January 15th --
8                THE COURT:  What about to the start of trial?
9                MR. BLAIS:  That's fine, we can do it to the start of
10    trial, which is April 11th, in the interest of justice and to
11    allow for the parties to review discovery and prepare for the
12    trial.
13               THE COURT:  Any objection from any defendant?
14               MR. MAZZUCCO:  No, your Honor.
15               MR. RYAN:  No, your Honor.
16               MR. GRAND:  No, your Honor.
17               MR. BOHRER:  No, your Honor.
18               MR. LEVINE:  No, your Honor.
19               MR. TREMONTE:  No, your Honor.
20               THE COURT:  I find that the ends of justice will be
21    served by granting a continuance to April 11th, 2016, and the
22    need for a continuance outweighs the best interest of the
23    public and the defendant in a speedy trial.
24               The reasons for my finding is that the time is needed
25    to enable the government to make discovery materials available,

FA7VGALN

1  for defense counsel to review it, to consult with their
2  clients, and be in a position to advise on January 15th at noon
3  whether there are any motions they wish to make in the case.
4  Also, to allow the exploration of the *Curcio* issues which
5  potentially could disqualify counsel in this case.  Further, to
6  allow the parties to prepare the pretrial submissions which I
7  outlined, leading up to the trial date of April 11.  And
8  further, to prepare for that trial.
9              Accordingly, the time between today and April 11th,
10 2016, is excluded under the Speedy Trial Act.
11             Anything further from the government?
12             MR. BLAIS:  Nothing from the government, your Honor.
13             THE COURT:  From any defendant?
14             MR. GRAND:  No, your Honor.
15             THE COURT:  Thank you all very much.
16             Appreciate it.
17                          *    *    *