# Morvillo Abramowitz Grand Iason & Anello P. C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO•••
LAWRENCE S. BADER
BENJAMIN S. FISCHER
CATHERINE M. FOTI
PAUL R. GRAND
LAWRENCE IASON
BRIAN A. JACOBS
JUDITH L. MOGUL
JODI MISHER PEIKIN
ROBERT M. RADICK•••
JONATHAN S. SACK••
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

(212) 880-9410
pgrand@maglaw.com

COUNSEL
JASMINE JUTEAU
BARBARA MOSES•
___
ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

•ALSO ADMITTED IN CALIFORNIA AND WASHINGTON, D.C.
••ALSO ADMITTED IN CONNECTICUT
•••ALSO ADMITTED IN WASHINGTON, D.C.

November 4, 2015

**BY ECF**

The Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   United States v. Galanis et al., No. 15 Cr. 643 (PKC)

Dear Judge Castel:

  We submit this letter, on behalf of John Galanis, in response to the Government's letter motion of October 16, 2015 ("Gov't Letter") which seeks to disqualify our firm, Morvillo Abramowitz Grand Iason & Anello, P.C. ("the Firm"), from continuing to represent Mr. Galanis in this matter.

  Several months ago, when I agreed to join the lawyers representing John Galanis and other members of his family, I made it clear that I was doing so solely in an advisory role. I will be 82 years old next month on December 23rd and am no longer qualified to defend at trial one accused of securities fraud in a complex, month-long (or longer) trial. Mr. Galanis, with my assistance, is currently seeking to retain trial counsel. I expect to continue in the increasingly limited role of advisor. In that capacity, I will respond to the Government's contention that I am conflicted and thus my Firm and I cannot continue in this limited role

  The Government correctly identifies the existence of a *potential* conflict between my ongoing advisory representation of Mr. Galanis, and my partner Benjamin Fischer's representation of a potential government fact witness, Michael Hlavsa. The Government is incorrect, however, in its assessment that this conflict is unwaivable and irremediable.

Morvillo Abramowitz Grand Iason & Anello P.C.

Hon. P. Kevin Castel
November 4, 2015
Page 2

As a baseline rule, there is a "presumption in favor of the accused's chosen counsel." United States v. Daugerdas, 735 F. Supp. 2d 113, 115 (S.D.N.Y. 2010) (quoting United States v. Jones, 381 F. 3d 114, 119 (2d Cir. 2004)). Because "the right of an accused who retains an attorney to be represented by that attorney is a right of constitutional dimension . . . the choice of counsel should not be unnecessarily obstructed by the court." Id. at 124-25 (internal quotations omitted). "Lesser conflicts" that do not rise to the level of a *per se* conflict or an actual conflict "are generally waivable." United States v. Stein, 410 F. Supp. 2d 316, 327 (S.D.N.Y. 2006) (citing United States v. Perez, 325 F.3d 115, 127 (2d Cir. 2003)). As the Government notes, the district court reviews and balances "a number of factors when determining whether to disqualify counsel." Gov't Letter at 3 (citing Stein, 410 F. Supp. 2d at 328).

Certainly this situation is worthy of the Court's close consideration: as in Daugerdas, supra, which the Government cites in support of its disqualification motion, there is a potential conflict inherent in the Firm's simultaneous representation of a defendant and a fact witness against him – here, a fact witness who will allegedly testify to "the existence of and conduct by . . . conspiracies of which John Galanis is alleged to have been a member." Gov't Letter at 8. The similarities end there, however, and the case is thus distinguishable from Daugerdas, where the district court found the conflict to be unwaivable. 735 F. Supp. 2d at 118.

- First, the defendant at issue in the Daugerdas case, Dicker, "refused to waive the conflict" created by his firm's simultaneous representation of both him and Field, the potential witness against him. Id. at 115, 117. Here, I understand that Mr. Hlavsa will waive any potential conflict of interest and will not join in the Government's motion to disqualify the Firm from representing Mr. Galanis. We direct the Court's attention to Judge Pauley's comment, in evaluating the "competing interests of those involved" in the conflict, that Dicker's refusal to waive the conflict was "important[]" and "suggests a level of discomfort" with the dual representation. Id. at 117. It is of similar import that no such discomfort exists here on the part of either Mr. Galanis or Mr. Hlavsa.

- Second, from the time that the Firm took on Mr. Hlavsa's representation, there was and has always been an "Ethical Wall" between myself and those attorneys and staff advising Mr. Galanis, on the one hand, and Mr. Fischer and those attorneys and staff participating in the representation of Mr. Hlavsa, on the other.

- Third, Dicker and Field – whom the Government intended to call as a witness against Dicker in Daugerdas – were "close associate[s]" of one another, having been partners and members of the Board of Directors together in the same accounting firm for many years. Mr. Hlavsa and Mr. Galanis, on the other hand, are complete strangers to one another. Indeed, before Mr. Fischer took on Mr. Hlavsa's representation, both Mr. Fischer and I confirmed with our respective clients that they had never met one

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P. C.

Hon. P. Kevin Castel
November 4, 2015
Page 3

      another, spoken with one another, or otherwise communicated with each other. Thus any testimony that Mr. Hlavsa will offer will not and could not directly address any specific conduct that Mr. Galanis is alleged to have undertaken, but at most (as the Government tacitly acknowledges in its motion) might address one or more conspiracies of which Mr. Galanis is alleged to have been a member. Gov't Letter at 8-9. Similarly, since I will not be trial counsel, I will have no role in cross-examining Mr. Hlavsa which should avoid the potential conflict identified in United States v. Stein, supra, which is discussed further below.

      Judge Kaplan's conclusion in Stein is instructive. Engaging in a multi-factor balancing, the court considered the conflict presented by a firm's ongoing representation of a defendant against whom at least one (and perhaps two) of the firm's former clients was going to testify, and determined that the potential conflict was waivable, even though (among other factors) one of the former clients had indicated that he would not agree to a waiver. 410 F. Supp. 2d at 329. Among the factors that Judge Kaplan considered, following the guidance of the Second Circuit, was "the availability of measures that might limit the dangers posed by the conflict, such as restricting an attorney's cross-examination of a former client." Id. at 328 (citing United States v. Cunningham, 672 F. 2d 1064, 1071 (2d Cir. 1982)). Indeed, the court noted with approval that the defendant – the firm's ongoing client – "consented to measures that might limit the dangers posed by the conflicts," namely that he was "willing to proceed with his current counsel even if they [were] barred from cross-examining" the firm's former clients and barred "from discussing those witnesses with" other counsel. Id. at 329.

      Weighing similar factors here, as the Court must, it is apparent that the fact of Mr. Hlavsa's potential appearance as a witness does not in and of itself require that the Firm be disqualified. Though the Government characterizes the conflict (Gov't Letter at 9) as having been "identified quite early in the pendency of this matter" – presumably a reference to the amount of time that has elapsed since an indictment was filed earlier this year – I have been closely involved in strategies relating to Mr. Galanis's defense for many months. Disqualifying me or the Firm from continuing to advise Mr. Galanis would represent a significant hardship for him with trial set to begin in less than six months' time.

      In addition, both Mr. Galanis and Mr. Hlavsa are prepared to waive any conflict, which was not even the case in Stein, where the Government's disqualification motion was nonetheless denied. 410 F. Supp. 2d at 329. Furthermore, effective safeguards have been erected within the Firm (and will be maintained) to screen off Mr. Fischer from Mr. Galanis's representation and myself from Mr. Hlavsa's. And, lastly, Mr. Galanis would not object if the Court found the conflict to be waivable only with a prophylactic measure in place similar to that imposed by Judge Kaplan in Stein (i.e., if counsel were to be precluded from even an advisory role in the cross-examination of Mr. Hlavsa) – though we do not believe such a precaution to be necessary.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Hon. P. Kevin Castel
November 4, 2015
Page 4

    For the foregoing reasons, we respectfully submit that the potential conflict presented by the Firm's continued limited representation of Mr. Galanis and its representation of Mr. Hlavsa is waivable, and, since both Mr. Galanis and Mr. Hlavsa will consent to waiving the potential conflict, that the Government's disqualification motion should be denied.

    Respectfully yours,

    Paul R. Grand

cc:    Brian Blais, Esq.