

LAW OFFICES OF KEVIN V. RYAN
A PROFESSIONAL CORPORATION

November 23, 2015

**VIA ECF**

Kevin V. Ryan
The Law Offices of Kevin V. Ryan
88 Kearny Street, Tenth floor
San Francisco, CA 94108
Tel: (415) 651-2884
Fax: (415) 393-8087
kevinryanrex@gmail.com

    *United States v. Jason Galanis, et al.*, No. 15-CR-643-PKC

Dear Judge Castel:

    I represent co-defendant John Galanis in the above-referenced matter. I am writing with respect to my Motion for Leave to Withdraw as Counsel, which I intend to file on November 30, 2015. The details concerning the basis for the motion are set forth in the Declaration of Kevin V. Ryan in Support of Motion for Leave to Withdraw as Counsel ("the Declaration"). I hereby request leave to file the Declaration under seal, pursuant to *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2nd Cir. 2006). In accordance with this Court's Standing Order, I have prepared the following memorandum of law in support of this request. I will submit a proposed order and will also supply a redacted and unredacted copy of the Declaration to this Court's clerk upon request.

### MEMORANDUM OF LAW IN SUPPORT OF REQUEST TO SEAL DECLARATION IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL

    The presumption of public access to court records is subject to exceptions designed to protect the type of confidential information contained in the Declaration. *See Lugosch v Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2nd Cir. 2006). The Court must weigh the presumptive right of access to court records against the competing interests at stake in a particular case, including privacy interests of the parties. *Lugosch,* at 123. Here, the privacy interest at stake is the attorney-client privilege, which has "substantial importance to the administration of justice." *In re Von Bulow*, 828 F.2d 94, 99 (2nd Cir. 1987). Documents in support of motions for leave to withdraw as counsel are routinely filed under seal to preserve the confidentiality of the attorney-client relationship. *Team Obsolete Ltd. v. A.H.R.M.A Ltd.*, 464 F.Supp. 164, 165-66 (E.D.N.Y. 2006).

    Here, the Declaration contains confidential information about the circumstances giving rise to counsel's Motion for Leave to Withdraw as Counsel, which do not implicate the government's interest in this litigation. *Team Obsolete, supra*, 464 F.Supp. at 164 *see also*

*Harrison Conference Services Inc., v. Dolce Conference Services Inc.*, 806 F.Supp.23, 25-26 (E.D.N.Y. 1992)(documents related to request to withdraw properly submitted under seal; opposing party was not entitled to a description of the grounds for withdrawal or a briefing schedule to respond further). Specifically, the Declaration contains information that has nothing to do with the merits of the charges against the defendant and that relates solely to the reasons for counsel's motion to withdraw. Because documents related to such matters may be sealed under *Lugosch*, this motion should be granted. *See In re NBC Universal Inc.*, 426 F.Supp.2d 49, 54 (E.D.N.Y. 2006).

*NBC Universal* concerned a request by members of the press to unseal documents related to the government's motion to disqualify defense counsel in a criminal case. *NBC Universal, supra,* at p. 50. The district court emphasized the distinction between the summary judgment evidence at issue in *Lugosch*, and evidence submitted in support of a motion to disqualify counsel, which had "nothing to do with the merits" of the litigation. *Id* at p. 54. Here, likewise, a plain reading of the Declaration will demonstrate that it should be sealed in its entirety, as it concerns only confidential attorney-client matters and not the merits of this case. In the alternative, counsel respectfully requests that this Court issue an order granting leave to file a redacted version of the document to preserve the confidential information therein.

For the foregoing reasons, this Court should permit the filing of the Declaration under seal.

Respectfully submitted,

Kevin V. Ryan