```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -x
                                      :
UNITED STATES OF AMERICA              :    PROTECTIVE ORDER
                                      :
            - v. -                    :    15 Cr. 643 (PKC)
                                      :
JASON GALANIS,                        :
JOHN GALANIS,                         :
    a/k/a "Yanni,"                    :
JARED GALANIS,                        :
GARY HIRST,                           :
DEREK GALANIS,                        :
YMER SHAHINI, and                     :
GAVIN HAMELS,                         :
                                      :
            Defendants.               :
                                      :
- - - - - - - - - - - - - - - - - - -x
```

[USDC SDNY / DOCUMENT / ELECTRONICALLY FILED / DOC #: ___ / DATE FILED: 12-2-15]

WHEREAS, pursuant to requests made by defendants in this matter, the Government has made and will make disclosure to the defendants of documents, objects and information, pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." Certain of the Government's disclosure material, referred to herein as "Sensitive Disclosure Material," contains information that identifies, or could lead to the identification of, persons who may be subject to intimidation or obstruction, and whose lives, persons and property, as well as the lives, persons and property of loved ones, could be subject to risk of harm absent the

protective considerations set forth herein;

WHEREAS, the Government has made application for the entry of a protective order in order to prevent the harms that might arise from broad disclosure of Sensitive Disclosure Material; and

WHEREAS, the Court finds that entry of a protective order in this case is necessary to prevent the harms that might arise from broad disclosure of Sensitive Disclosure Material, will permit the Government to produce expeditiously the Sensitive Disclosure Material without further litigation and will also afford the defense prompt access to those materials, thereby facilitating the preparation of the defense.

Accordingly, and for good cause shown, IT IS HEREBY ORDERED:

1.  Any Sensitive Disclosure Material produced by the Government in this action shall be Bates-stamped with the designation "Confidential" or otherwise identified by the Government to counsel for the defendants as subject to the provisions of this Order. The Government's designation of material as Sensitive Disclosure Material will be controlling absent contrary order of the Court.

2.  Sensitive Disclosure Material disclosed to any defendant or to his counsel during the course of proceedings in this action:

    (a) Shall be used by the defendant and his counsel only for purposes of the defense of this action;

(b) Shall not be duplicated by the defendant except for purposes of the defense of this action;

(c) Shall be kept and maintained by the defendant in a secure container and location;

(d) Shall not be disclosed in any form by the defendant or his counsel, including by posting to any Internet site or network site to which persons other than the parties hereto have access or by disclosing to the media or any third party, except as set forth in paragraph 2(e) below; and

(e) May be disclosed by the defendant or his counsel only to the following persons (hereinafter "Designated Persons"), as needed for purposes of defending this action:

(i) investigative, secretarial, clerical, and paralegal personnel employed full-time or part-time by the defendant's counsel;

(ii) independent expert witnesses, investigators, or advisors retained by the defendant's counsel in connection with this action;

(iii) other prospective witnesses, and their counsel, to the extent deemed necessary by defense counsel, for trial preparation; and

(iv) such other persons as hereafter may be authorized by the Court upon motion by a defendant.

3.      The defendants and their counsel shall provide a copy of this Order to Designated Persons to whom they disclose Sensitive Disclosure Material pursuant to paragraph 2(e).  Each defendant and/or his counsel shall maintain a record of all such Designated Persons to whom they provide Sensitive Disclosure Material.  If Sensitive Disclosure Material is provided to any prospective witnesses, pursuant to paragraph 2(e)(iii), counsel shall make reasonable efforts to seek the return or destruction of such materials in accordance with paragraph 4 below.  Prior to disclosure of Sensitive Disclosure Material to Designated Persons, pursuant to paragraph 2(e), any such Designated Person shall agree to be subject to the terms of this Order by signing a copy hereof and stating that they "Agree to be bound by the terms herein," and providing such copy to the defendant's counsel.  However, defendants and their counsel need not obtain signatures from any member of the defense team (i.e., attorneys, experts, consultants, paralegals, investigators, support personnel, and secretarial staff involved in the representation of the defendants in this case), all of whom are nonetheless bound by this Protective Order.

4.      Except for Sensitive Disclosure Material that has been made part of the record in this case, the defendants and their counsel shall return to the Government or securely destroy or delete all Sensitive Disclosure Material within 30 days of the expiration of the period for direct appeal from any verdict in the

above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

5. The defendants and/or their counsel shall use reasonable care to ensure that the Sensitive Disclosure Material is not disclosed or disseminated to any third parties in violation of this Protective Order. In the event of an inadvertent disclosure of Sensitive Disclosure Material, the relevant defendant and/or his counsel shall promptly notify the Court and the Government as to the identity of the recipient of the inadvertently produced Sensitive Disclosure Material and shall use reasonable efforts to secure the return or destruction of the inadvertently produced Sensitive Disclosure Material.

6. The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, trial, any appeal therefrom, or sentencing proceeding held in connection with the above-referenced action or to any District Judge or Magistrate Judge of this Court (or their staff) for purposes of the above-referenced action, provided, however, that Sensitive Disclosure Material referenced or included in any written filing should initially be publicly filed in redacted form or under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim.

P. 49.1.

7. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

Dated:  New York, New York
        December ___, 2015

SO ORDERED:

_____
HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK