**ANTHONY J. BRASS (CASBN. 173302)**
**Attorney at Law**
**3223 Webster Street**
**San Francisco, California 94123**
**Telephone: (415) 922-5462**
**Facsimile: (415) 346-8987**
**tony@brasslawoffice.com**

**Attorney for Defendant, DEREK GALANIS**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.: 15 CRIM 643 PKC |
| ) | |
| Plaintiff, ) | **DEFENDANT DEREK GALANIS'S** |
| ) | **NOTICE OF MOTION AND MOTION TO** |
| vs. ) | **CONTINUE APRIL 11, 2016 TRIAL DATE** |
| ) | |
| DEREK MEYER GALANIS, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

# NOTICE OF MOTION

PLEASE TAKE NOTE that defendant Derek Galanis, by and through counsel, hereby files this Notice of Motion and Motion to Continue the Trial Date pursuant to the Court's Order on the January 15, 2016, scheduling conference. Derek Galanis respectfully moves this Court to enter an Order continuing the pretrial deadlines and trial date as set forth in the Court's Criminal Pretrial Order for the reasons set forth and embodied in 18 U.S.C. §3161(h)(7)(B) and the Sixth Amendment to the United States Constitution. This motion is based upon this notice, the motion below, the accompanying declaration of his counsel, Anthony J. Brass, the Sixth Amendment to the United States Constitution, and upon all other related information and evidence before the Court.

Specifically, Derek Galanis asks this Court to continue the trial date of April 11, 2016 on the grounds that 1) the current trial date denies Derek Galanis and his counsel adequate and reasonable time necessary for effective preparation and, 2) to ensure that Derek Galanis is not deprived of his Sixth Amendment Right to effective assistance of counsel and due process of law. The ends of justice are best served by granting the continuance in light of the ongoing and massive amount of discovery produced by the Government, including a production made this week. The Government has produced over 2.5 million pages of documents in this matter, and discovery is on going. Furthermore, the documents produced by the government were not initially searchable or organized by relevance to each co-defendant in order to identify those documents pertaining to each individual defendant.  Any meaningful analysis and review process will require a considerable amount of time. Despite diligent efforts to review the discovery in preparation for trial, the sheer volume of material, compounded by the fact that the discovery was not disclosed in a manner designed to maximize an efficient review, the trial preparation task will require more time.

## I.   **INTRODUCTION**

Defendant Derek Galanis respectfully submits this Memorandum of Law in support of his motion seeking a continuance of the trial date. All other facts necessary for a determination of this motion are set forth in the declaration by Anthony J. Brass submitted in support of this motion and in the statements and arguments made below.

The government has been engrossed in this matter and related matters for over five years. They have had years to investigate and prepare this massive and complex federal prosecution, whereas Derek Galanis has only had four months.

Thus far the government has produced over 2.5 million pages of discovery (approximately 297 gigabytes). These files were not "Concordance ready."  This required the undersigned to coordinate his effort to review this material with co-counsel who hired a third-

party vendor to convert the production into a fully searchable condition—a difficult and time-consuming process. Additionally, the Government has produced the same information to all defendants, requiring defendant Derek Galanis to spend valuable time sifting through the massive volume of documents in order to identify which may be applicable to Derek Galanis as opposed to his co-defendants.

To make matters worse, the discovery process is not complete, with the undersigned having received additional discovery as recently as yesterday.

Accordingly, Derek Galanis moves this Court to continue the trial date because, despite diligent efforts by his counsel, he cannot be prepared by the current April 11, 2016, trial date. Failure to grant a continuance will deprive counsel reasonable time for effective and diligent preparation and deny Derek Galanis his right to trial and Sixth Amendment right to counsel.

## II.    STATEMENT OF FACTS

Derek Galanis made his initial appearance in the United States District Court, Southern District of New York ("SDNY"), on October 7, 2015.

After the Indictment, the government produced discovery, on the following schedule:

- October 23, 2015: The government produced 160 gigabytes of data which included approximately 1,641,250 pages of discovery. The format required conversion by a third party vendor in order to be in a searchable format.

- November 13, 2015: The government produced approximately 40 gigabytes of data and approximately 230,356 pages.  This disclosure also required re-formatting.

- December 19, 2015: The government produced approximately 70 gigabytes of data (650,042 pages).

- January 13, 2016: The government produced approximately 27.4 gigabytes of data (almost half a million pages).

- January 20, 2016:  The government produced 139 pages.

In total, these five productions consist of approximately 2.5 million pages of documents.

This material was produced in a format that was described by the Government as consistent with being searchable through the search platform or the search engine of Concordance. However, this was not so. In order to be searchable, the discovery had to be re-formatted by an outside vendor, which absorbed valuable time. However, the step was also vital to being able to review this massive amount of discovery in an efficient manner. The task of reviewing 2.5 million pages of documents is daunting even without such a delay. To make matters even more cumbersome, additional discovery is still being produced, with counsel being nowhere close to having completed review of the first productions.

Succinctly stated, the volume of information is massive, and its nature is complex. This material must be sorted, reviewed and analyzed once it is complete. This task will require a meaningful amount of time even for the most diligent. Therefore, Defendant Derek Galanis requests that the Court grant the instant motion for a continuance of the April 11, 2016 trial date.

### III.    ARGUMENT

**1.    The Defendants have a Right to Effectively Prepared Counsel.**

A defendant's right to counsel as guaranteed by the Sixth Amendment "is the right to the effective assistance of counsel." *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, (1970). Effective representation requires that counsel be prepared to "present[] and explain[] the significance of all the available evidence." *Williams v. Taylor*, 529 U.S. 362, 399 (2000). Reasonable time for effective preparation for trial is an appropriate factor for a district court to consider when faced with a request for continuance. *United States v. Lynch*, 726 F.3d 346, 356 (2d Cir. 2013).

Meanwhile, the Speedy Trial Act (the "Act") generally requires that a defendant be tried within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such

charge is pending, whichever date last occurs. 18 U.S.C. § 3161(c)(1). The Act, however, "recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases." *Zedner v. United States*, 547 U.S. 489, 497 (2006). "Much of the Act's flexibility is furnished by § 3161(h)[(7)], which governs ends-of-justice continuances . . . [which] permits a district court to grant a continuance and to exclude the resulting delay if the court, after considering certain factors, makes on-the-record findings that the ends of justice served by granting the continuance outweigh the public's and defendant's interests in a speedy trial." *Id*. at 498-99.

The continuance may be granted by the Court on its own motion or that of either party. 18 U.S.C. §3161(h)(7)(A). The Court may grant the continuance for any number of reasons, only three of which are enumerated in 18 U.S.C. 3l6l(h)(7)(B). Among the permissible reasons are whether the case is so unusual or complex that additional time for preparation is justified, whether failure to allow delay in a case not unusual or complex would unreasonably deny effective and diligent preparation by counsel, or whether the failure to grant such a continuance would result in a miscarriage of justice. *Id*.

**2.     The Sheer Volume of Discovery Requires More Time for Preparation.**

A denial of justice will occur if this case is brought to trial within the statutory period established in 18 U.S.C. § 3161 because counsel for Derek Galanis would be denied the reasonable time necessary for effective and diligent preparation.

Derek Galanis has had four months to review 2.5 million pages of discovery. The discovery was not in a searchable format, and it was not organized in a defendant specific manner.  Although Derek Galanis acknowledges that it is not the government's obligation to organize discovery in a manner that is efficient for each defendant, the fact that this was not done, means that reviewing the discovery in this case is more labor intensive and time consuming.

Even with a production with full, electronic search capabilities—attempting to sift

through all of this material in the current time frame is simply not possible. Let alone when one considers the fact that the material here required a time consuming re-formatting process.

Further, the Government's discovery process is not complete. The Government indicated in its cover letter to its latest production on January 20, 2016 that more discovery will be produced.

Therefore, Derek Galanis moves this Court to continue the trial date because despite diligent efforts by his counsel, he cannot be prepared by the current April 11, 2016, trial date. This request is made in good faith and not for purposes of delay, and the undersigned is informed that the government will not object to said motion being granted.

### IV.  CONCLUSION

WHEREFORE, based on the forgoing, defendant Derek Galanis respectfully submits that undersigned counsel would be denied the reasonable time necessary for effective preparation within the meaning of 18 U.S.C. §3161, et seq. and the Sixth Amendment of the United States Constitution, and respectfully requests this Honorable Court set the trial date outside the time limits set for in 18 U.S.C. § 3161.

Dated: January 22, 2016                                        Respectfully Submitted,

                                                               *Tony B*
                                                               Anthony J. Brass
                                                               Attorney for Defendant
                                                               Derek Galanis

**ANTHONY J. BRASS (CASBN. 173302)**
**Attorney at Law**
**3223 Webster Street**
**San Francisco, California 94123**
**Telephone: (415) 922-5462**
**Facsimile: (415) 346-8987**
**tony@brasslawoffice.com**

**Attorney for Defendant, DEREK GALANIS**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 15 CRIM 643 PKC |
| Plaintiff, | DECALARATION OF ANTHONY J. BRASS IN SUPPORT MOTION TO CONTINUE JURY TRIAL |
| vs. | |
| DEREK MEYER GALANIS, | |
| Defendant. | |

I am counsel of record for defendant Derek Galanis.

    1. On October 7, 2015, Derek Galanis made his first appearance in the United States District Court, Southern District of New York.

    2. After the Indictment, Prosecutors from the SDNY (hereinafter the "Government") produced discovery, in multiple disclosures on different dates, to Derek Galanis in both digital and electronic form. The first discovery production was received on October 23, 2015. The discovery that was disclosed on that date consisted of 160 gigabytes of data which included approximately 1,641,250 pages of discovery.

    3. The discovery was not in a searchable format. To actually search through the produced discovery required some additional digital manipulations by a third party to convert the production into a completely searchable condition.

4. This first disclosure by the Government was followed by a second disclosure on November 13, 2015. That disclosure apparently covers 41 gigabytes of data and approximately 230,356 pages, once again in the same format that needs a third party conversion to be searchable. The third thumb drive of digital information consisting of approximately 650,042 pages (68.6 gigabytes of data) was disclosed on December 19, 2015.
The fourth and fifth groups of discovery were disclosed on January 13, 2016 and January 20, 2016, the fourth in the form of a compact disk and a thumb drive that consist of approximately 427,284 pages and 27.4 gigabytes of data, and the fifth consisting of 139 pages of discovery.

5. All of the electronically-produced documents were produced in a format that was described by the Government as consistent with being searchable through the search platform or the search engine of Concordance.

6. A detailed review of these five productions reveals that, to date, the Government's discovery productions consist of approximately 2.5 million pages of documents and 297 gigabytes of data.  Additionally, during a review of the initial discovery production, it was discovered that the produced load files were either incompatible with the case management review program, Concordance, and/or contained errors in the load files that had to be fixed in order to load to Concordance.

7. Subsequently, outside services of the company GSL Data Solutions were retained so that the data and documents produced by the Government could be copied into a server with new load files created for Concordance. This process is a time-consuming process which requires transfer of large amounts of data to the vendor's server and subsequently the upload or production onto the server of co-counsel's firm for Concordance.

8. In all, our ability to search and review this information was greatly delayed and moreover, to completely review all of the discovery produced by the Government thus far will require an extensive amount of time. In addition, though the Government has produced discovery specific to each defendant as that defendant's discovery, it has been ascertained that the

information that has been produced has been the same information thus far as to each of the defendants. As a result, defendant Derek Galanis must search through all of the documents produced by the Government in order to determine and segregate those which may be applicable for his defense as opposed to those which are more applicable to others in the Indictment. This process of searching is time consuming and requires the creation of filters to identify the base information in the disclosure.

9. Thus far numerous hours of paralegal time have been consumed in identifying the multiple files within each of the digital productions. The latest production which occurred on January 20, 2016, has yet to be indexed in order to determine the content or basic source of the information. In addition, it appears from the information that has been produced by the Government in the latest production, based on cover letter, that this is only the beginning of information relevant to this case that is located in the jurisdiction of the Central District of California.

10. The paragraphs above and the sheer amount of information clearly demonstrate the complexity of this matter which includes documents from the SEC, documents from FINRA, documents from the Department of Justice investigation, and documents in the Southern District of New York as well as the Central District of California. The information included in the Government's productions from these various sources is complex and intertwined, including depositions from various witnesses in civil matters, information of a related prosecution in the Southern District of New York of James Tagliaferri, and information from civil lawsuits filed in the District of North Carolina.

//

//

//

//

11. In short, there is a massive amount of complex, yet related information that must sorted through and analyzed by defense counsel. This information is interlaced with the requirement to identify the pertinent information produced and synthesize it. It will take a significant amount of time to organize and to prepare the defense in this matter and as a result we ask for a continuance for a significant amount of time.

I declare under penalty of perjury that the foregoing is true this 22nd day of January, 2016 in San Francisco, California.

*[signature]*

Anthony J. Brass