UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :

UNITED STATES OF AMERICA        **STIPULATION AND ORDER**

          -v.-                               15 Cr. 643 (PKC)

JASON GALANIS,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-8-16

        WHEREAS, on or about September 23, 2015, JASON GALANIS (the "Defendant"), was charged in a nine-count Indictment 15 Cr. 643 (PKC) (the "Information"), with conspiring to commit securities fraud, in violation of Title 18, United States Code, Section 371 (Counts One and Eight); securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2 (Counts Two and Nine); conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count Three); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Four); and investment advisor fraud in violation of Title 15, United States Code, Sections 80b-6 and 80b-17 (Counts Five through Seven);

        WHEREAS, the Information included a forfeiture allegation as to Counts One through Nine of Indictment seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One through Nine of the Indictment;

WHEREAS, on or about July 21, 2016, the Defendant pled guilty to Counts One, Two, Five and Eight of the Indictment and admitted the forfeiture allegation with respect to Counts One, Two, Five and Eight of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, a sum of money equal to $37,591,681.10 in United States currency, representing any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One, Two, Five and Eight of the Indictment and all, right, title and interest of the Defendant in (a) 1920 Bel Air Road, Los Angeles, California 90077 (the "California Property") and (b) 260 West Broadway, Unit 1/2C, New York, New York 10013 (the "New York Property", collectively the "Subject Property");

WHEREAS, on or about August 15, 2016, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment ("Order of Forfeiture") which (i) ordered the entry of a forfeiture money judgment in the amount of $37,591,681.10; and (ii) forfeited all right, title and interest of the Defendant in the New York Property (Docket Entry 226);

WHEREAS, the New York Property is encumbered by a lien, in the form of a mortgage in favor of Emerald Creek Capital, LLC, ("Emerald") which was made and given by Archer Diversified TCG, LLC ("Archer") to Emerald to the secure the sum of $7,000,000 dollars, plus interest, dated December 2, 2014, and recorded in the Office of the City Register of the City of New York, Document ID: 20150101700278001 (the "Mortgage");

WHEREAS, on or about April 27, 2015, the Mortgage was transferred to ECC SPE, LLC ("ECC") as successor-in-interest to Emerald.

WHEREAS, as of December 1, 2016, the current amount of principal remaining on the Mortgage is $7,000,000, the outstanding interest is 1,828,603.33, and the total outstanding balance of principal and interest is thus $8,828,603.33;

WHEREAS, Archer is wholly owned by defendant, Jason Galanis;

WHEREAS, Archer is owner of record of the Subject Property and has an obligation to pay common charges to 260 West Broadway Condominium (the "Condominium");

WHEREAS, the Board of Managers of the Condominium filed a lien against the Subject Property for unpaid common charges in the amount of $38,940.41 on March 14, 2016 with the Office of the City Register City of New York;

WHEREAS, the common charge arrears remain unpaid and are as of December 1, 2016 in the amount of $96,943.22 (the "Arrears Due");

WHEREAS, on or about September 22, 2016, the California Property was sold;

WHEREAS, on or about November 3, 2016, the net proceeds from the sale of the California Property in the amount of $2,270,000 was wire transferred to the United States Marshals' and deposited in the Seized Asset Deposit Fund (the "California Property Proceeds");

WHEREAS, the Government recognizes ECC's potential interest in the New York Property;

WHEREAS, the Government recognizes the Condominium's potential interest in the New York Property;

WHEREAS, the wife of Defendant, Monet Berger ("Berger"), has notified the Government of her potential interest in the New York Property and California Property Proceeds; and

WHEREAS, the Government, ECC, the Condominium and Berger, in order to avoid litigation, have determined to resolve each of their claims in and to the Subject Property on the terms and conditions set forth below.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED THAT, by and between the United States, United States of America, by its attorney Preet Bharara, United States Attorney, Assistance United States Attorneys, Edward Diskant, of counsel, ECC, by its counsel, Dani Schwartz, Esq, the Condominium, by its counsel, Jay Ginsberg, Esq., and by its President, Lee Fensterstock, and Duncan P. Levin, Esq., counsel for Monet Berger, that:

1. The Government is hereby authorized to seize and sell the New York Property in a commercially feasible manner.

2. At such time as the New York Property is sold pursuant to this Stipulation and Order, the Government will coordinate payment first to ECC from the net proceeds of the sale of the New York Property, of the outstanding mortgage and interest due on the New York Property as of the date of entry of this Stipulation and Order (the "Mortgage Due"). The net proceeds of the sale shall include all amounts received from the sale of the New York Property after payment of outstanding taxes, valid prior liens, real estate commissions, insurance costs, escrow fees, document recording fees not paid by the buyer, title fees, county transfer fees, reasonable real estate attorney's fees, if any, associated with the sale of the New York Property and any and all expenses incurred by the United States Marshals Service (the "USMS") or its designees in connection with the custody, maintenance and sale of the New York Property. Should the Government seek to sell the New York Property for an amount that provides ECC with less than the Mortgage Due, prior to executing any contract of sale, ECC shall be advised of same and provided the opportunity to bid on the Mortgaged Property.

3. Following the sale of the New York Property and upon satisfying the Mortgage Due, the Government will not contest payment to the Condominium for the Arrears Due from the remaining net proceeds;

4. All net proceeds remaining following payments to ECC and the Condominium for the Mortgage Due and Arrears Due shall be deposited in the Seized Asset Deposit Fund pending the resolution of this matter (the "Surplus Amount").

5. The Surplus Amount shall be treated as a substitute res for the New York Property with all claims and defenses applicable to the New York Property, including any other action that may be brought by the Government for forfeiture of the New York Property or claims by third parties, to apply instead to the Substitute Res.

6. Upon entry of a Final Order of Forfeiture as to the New York Property, the substitute res shall be forfeited to the United States and USMS (or a designee) shall be authorized to deposit the funds representing the substitute res into the Assets Forfeiture Fund.

7. Upon entry of a final order of forfeiture as to the California Property Proceeds, the United States Marshals, or its designee, shall issue payment to be taken from the California Property Proceeds in the amount of $100,000 in United States currency ("Released Funds") to Berger in a manner consistent with the UFMS Vendor Request Form to be completed by Berger's counsel. Berger agrees that any unpaid fees to her counsel shall be paid from the $100,000 before the remainder of the $100,000 is disbursed to her.

8. Berger shall withdraw any and all claims to the New York Property and the balance of the California Property Proceeds, consisting of $2,170,000 in United States currency, and this sum shall be forfeited to the United States. Upon the sale of the New York Property, Berger agrees not to file any petitions or claims as to the net proceeds of the Marshals sale.

9. Berger agrees to expeditiously execute any and all paperwork and fulfill any other requirements in furtherance of a Marshals sale of the New York Property, including vacating the New York Property no later than December 9, 2016.

10. The California Property Proceeds and any and all income or interest accrued thereon, shall be the substitute res for the California Property (the "Substitute Res") and will serve as a substitute res for the California Property in the above-captioned case, with all claims and defenses applicable to the California Property, including any other action that may be brought by the Government for forfeiture of the California Property or claims by third parties, to apply instead to the Substitute Res.

11. Berger represents that, aside from herself and the defendant, she is not aware of any other individuals and/or entities who have an ownership interest in the New York Property and agrees to hold harmless the USMS, the DOJ, the FBI, and the SDNY from any and all third-party claims of ownership of the New York Property.

12. Berger represents that she has authority to enter into this Stipulation and Order regarding the New York Property, and agrees to hold harmless the United States from any other claims filed in this action by third parties alleging an interest in the New York Property.

13. Once the Marshals take possession of the New York Property, the Government will pay monthly common charges, assessments and other fees due pursuant to the Condominium's Declaration and/or Bylaws to the Condominium up until the sale of the New York Property.

14. Except as otherwise provided in this Stipulation and Order, ECC is hereby barred from asserting any claim against the United States or any of its agents and employees, including the USMS, the Federal Bureau of Investigation, and this Office, in connection with, or arising

out of, the United States' forfeiture of the New York Property or the transfer of the New York Property to the United States, its agents or designees. ECC agrees not to pursue against the United States any other rights that it may have had under the mortgage loan note, including but not limited to the right to foreclose upon and sell the New York Property and any right to assess additional interest or penalties, except as otherwise provided herein. ECC agrees to release or discharge its interests in the New York Property via recordable instruments and to release and hold harmless the Unites States or any of its agents and employees, including the USMS, the Department of Justice ("DOJ"), the Federal Bureau of Investigation ("FBI"), and the United States Attorney's Office: Southern District of New York ("SDNY"), in connection with the custody, maintenance and sale of the New York Property. ECC agrees to execute any documentation to facilitate the sale of the New York Property and implement the terms of this Stipulation and Order.

15. Except as otherwise provided in this Stipulation and Order, the Condominium is hereby barred from asserting any claim against the United States or any of its agents and employees, including the USMS, the FBI, and the SDNY, in connection with, or arising out of, the United States' forfeiture of the New York Property or the transfer of the New York Property to the United States, its agents or designees. The Condominium agrees not to pursue against the United States any other rights that it may have had to collect common charge arrears against the Government, including but not limited to the right to foreclose upon and sell the New York Property and any right to assess additional interest or penalties, except as otherwise provided herein. The Condominium agrees to release or discharge its lien in the New York Property via recordable instruments and to release and hold harmless the Unites States or any of its agents and employees, including the USMS, the DOJ, the FBI, and the SDNY, in connection with the

custody, maintenance and sale of the New York Property. Nothing in this paragraph shall hinder or prevent the Condominium from pursuing its rights, including, but not limited to, the right collect common charges and enforce its by-laws, against any future owner of the New York Property. The Condominium agrees to execute any documentation to facilitate the sale of the New York Property and implement the terms of this Stipulation and Order.

16. Except as otherwise provided in this Stipulation and Order, Berger is hereby barred from asserting any claim against the United States or any of its agents and employees, including the USMS, the DOJ, the FBI, and the SDNY, or any agents and employees of the DOJ, the SDNY, the USMS, the FBI, and are further barred from assisting others in asserting any such claim, in connection with the seizure and/or possession of the in connection with, or arising out of, the United States' forfeiture of the remaining balance of the California Property Proceeds, the New York Property, and the transfer of the New York Property to the United States, its agents or designees.

17. This Stipulation and Order constitutes the entire agreement between the parties on the matters contained herein, and no other statement, promise or agreement, either written or oral, made by either party or agents of either party, that is not contained in this written Stipulation and Order shall be enforceable. Any modifications to this Stipulation and Order shall be in a writing signed by the parties.

18. The individual(s) signing this Stipulation and Order on behalf of ECC represent and warrant that they are authorized by ECC to execute this Stipulation and Order.

19. The individual(s) signing this Stipulation and Order on behalf of the Condominium represent and warrant that they are authorized by the Condominium to execute this Stipulation and Order.

20. Berger represents that, aside from herself and the defendant, she is not aware of any other individuals who have an ownership interest in the California Property and agrees to hold harmless the USMS, the DOJ, the FBI, and the SDNY from any and all third-party claims of ownership of the California Property.

21. The parties hereby waive all rights to appeal or to otherwise challenge or contest the validity of this Stipulation and Order.

22. Each party agrees to bear its costs and attorneys' fees.

23. The Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this Stipulation and Order.

24. This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Stipulation and Order. Signature pages may be by fax or transmitted electronically, and such signatures shall be deemed to be valid originals.

STIPULATED TO:

PREET BHARARA
United States Attorney
Southern District of New York
United States of America

By: _____
EDWARD DISKANT
Assistant United States Attorney
One Saint Andrews Plaza
New York, New York 10007
(212) 637-2294

Date  12/7/16

[SIGNATURES CONTINUE ON FOLLOWING PAGE]

By: _____          _____
     MONET BERGER                             Date

By: _____          _____
     DUNCAN P. LEVIN, ESQ.                   Date
     Attorney for Monet Berger
     Tucker Levin, PLLC
     230 Park Avenue, Suite 440
     New York, New York 10169
     (646) 445-7825

ECC SPE, LLC

By: _____/s/ Dani Schwartz_____          _____12-6-16_____
     DANI SCHWARTZ, ESQ.                    DATE
     Attorney for ECC SPE, LLC
     Rosenberg and Estis, P.C.
     733 Third Avenue
     New York, New York 10017
     (212) 551-8489


BOARD OF MANAGERS OF
260 WEST BROADWAY CONDOMINIUM

By: _____          _____
     LEE FENSTERSTOCK, President            DATE


By: _____          _____
     JAY GINSBERG, ESQ.                     DATE
     Attorney for 260 West Broadway Condominium
     Levin & Glasser, P.C.
     420 Lexington Avenue, Suite 2818
     New York, New York 10170
     (212) 867-3636


So Ordered:


_____              _____
HONORABLE P. KEVIN CASTEL                   DATE
UNITED STATES DISTRICT JUDGE

By: _____  _____
      MONET BERGER                            Date

By: _____  _____
      DUNCAN P. LEVIN, ESQ.                Date
      Attorney for Monet Berger
      Tucker Levin, PLLC
      230 Park Avenue, Suite 440
      New York, New York 10169
      (646) 445-7825

ECC SPE, LLC

By: _____  _____
      DANI SCHWARTZ, ESQ.                  DATE
      Attorney for ECC SPE, LLC
      Rosenberg and Estis, P.C.
      733 Third Avenue
      New York, New York 10017
      (212) 551-8489

BOARD OF MANAGERS OF
260 WEST BROADWAY CONDOMINIUM

By: _____    12/6/16
      LEE FENSTERSTOCK, President      DATE

By: _____    12/6/16
      JAY GINSBERG, ESQ.                    DATE
      Attorney for 260 West Broadway Condominium
      Levin & Glasser, P.C.
      420 Lexington Avenue, Suite 2818
      New York, New York 10170
      (212) 867-3636

So Ordered: _____    12-7-16
      HONORABLE P. KEVIN CASTEL            Date
      UNITED STATES DISTRICT JUDGE

24. This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Stipulation and Order. Signature pages may be by fax or transmitted electronically, and such signatures shall be deemed to be valid originals.

STIPULATED TO:

PREET BHARARA
United States Attorney
Southern District of New York
United States of America

By: _____        _____
    EDWARD DISKANT                          Date
    Assistant United States Attorney
    One Saint Andrews Plaza
    New York, New York 10007
    (212) 637-2294

                [SIGNATURES CONTINUE ON FOLLOWING PAGE]
By: *Monet Berger*                          Dec. 1, 2016
    MONET BERGER                            Date

By: *[signature]*                           12/1/16
    DUNCAN P. LEVIN, ESQ.                   Date
    Attorney for Monet Berger
    Tucker Levin, PLLC
    230 Park Avenue, Suite 440
    New York, New York 10169
    (646) 445-7825


ECC SPE, LLC

By: _____        _____
    DANI SCHWARTZ, ESQ.                     DATE
    Attorney for ECC SPE, LLC
    Rosenberg and Estis, P.C.
    733 Third Avenue