MANDATE

Case 1:15-cr-00643-PKC Document 481 Filed 02/22/19 Page 1 of 11

17-629-cr (L)
*United States v. Galanis*

N.Y.S.D. Case #
15-cr-0643(PKC)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of January, two thousand nineteen.

PRESENT:  ROBERT D. SACK,
          BARRINGTON D. PARKER,
          DENNY CHIN,
                    *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Feb 22 2019

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
              *Appellee*,

          v.                                              17-629-cr (L), 17-2713-cr

JASON GALANIS,
              *Defendant-Appellant.*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\*  The Clerk of the Court is directed to amend the official caption to conform to the above.

MANDATE ISSUED ON 02/22/2019

| | |
|---|---|
| FOR APPELLEE: | BRIAN R. BLAIS, Assistant United States Attorney (Aimee Hector, Rebecca Mermelstein, Won S. Shin, Assistant United States Attorneys, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, New York. |
| FOR DEFENDANT-APPELLANT JASON GALANIS: | DANIEL S. NOOTER, Law Offices of Daniel S. Nooter, Washington, DC; Christopher Madiou, Law offices of Christopher Madiou, New York, New York. |

Appeals from the United States District Court for the Southern District of New York (Castel, Abrams, *JJ.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that case no. 17-629-cr is **REMANDED** to the district court and case no. 17-2713-cr will be **HELD** pending further proceedings.

Defendant-appellant Jason Galanis appeals from his judgments of conviction in two separate proceedings: in district court docket number 15-cr-643 (Castel, *J.*) convicting him of securities fraud violations relating to Gerova Financial Group, Ltd. (the "Gerova Proceeding"), and in district court docket number 16-cr-371 (Abrams, *J.*) convicting him of securities fraud violations relating to the Wakpamni Lake Community Corporation (the "Wakpamni Proceeding").[1] Galanis argues on appeal in

---

[1] The Gerova Proceeding is before us as appeal number 17-629-cr (L). The Wakpamni Proceeding is before us as appeal number 17-2713-cr. The 17-629-cr (L) appeal was consolidated with the appeal of

2

both cases that his Sixth Amendment right to effective assistance of counsel was violated. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

On September 21, 2015, Galanis was indicted on nine counts in the Southern District of New York in the Gerova Proceeding before Judge Castel. Galanis was represented in that matter by Thomas Mazzucco of the California law firm Murphy, Pearson, Bradley & Feeney ("MPBF"). On May 31, 2016, while the Gerova Proceeding was pending, Galanis was separately indicted on four counts in the Wakpamni Proceeding before Judge Abrams.[2] On July 11, 2016, Judge Abrams held a status conference in the Wakpamni Proceeding, at which point Galanis was not represented by counsel in that case. Mazzucco and MPBF deemed the Wakpamni Proceeding to be beyond the scope of their representation, and thus Lisa Scolari appeared at the status conference, pursuant to the Criminal Justice Act ("CJA"), on Galanis's behalf. The district court declined to appoint Scolari as counsel at that time, apparently because Galanis had not shown that he qualified for CJA counsel, and instead continued the Wakpamni Proceeding for one month to allow Galanis to retain counsel or make an application for court-appointed counsel.

---

co-defendant Gary Hirst. Because Galanis and Hirst raise different issues, we address them in separate orders. *See United States v. Hirst*, No. 17-2552-cr, 2018 WL 6600211 (2d Cir. Dec. 14, 2018).

[2]   A superseding indictment containing the same four counts against Galanis was filed on November 2, 2016.

3

On July 19, 2016, about a week after the status conference in the Wakpamni Proceeding, the government extended two plea offers to Galanis through Mazzucco, his counsel in the Gerova Proceeding. The first plea offer (the "Gerova Offer") required Galanis to plead guilty to Counts One, Two, Five, and Eight of the Gerova indictment, in exchange for the government's agreement to dismiss the remaining counts against him in that proceeding. The second plea offer (the "Gerova-Wakpamni Offer") required Galanis to plead guilty to a superseding information to be filed at the time of his guilty plea, which would contain seven counts: the same four counts in the Gerova Offer -- One, Two, Five, and Eight -- as well as Counts One, Two, and Three of the Wakpamni indictment. In exchange, the government would dismiss the remaining counts in both the Gerova and Wakpamni Proceedings. Both plea offer letters contained the same subject line: "Re: United States v. Jason Galanis, [] 15 Cr. 643 (PKC)." J. App'x at 113, 120. The government knew at the time that Galanis was unrepresented in the Wakpamni Proceeding.

On July 21, 2016, two days after the plea offers were extended, Galanis pleaded guilty pursuant to the Gerova Offer. The existence of the Gerova-Wakpamni Offer was not mentioned at the plea hearing.

On August 12, 2016, the district court in the Wakpamni Proceeding appointed Scolari to be CJA counsel. Christopher Madiou was named additional CJA counsel on August 15, 2016.

4

On December 19, 2016, the government extended to Galanis through Scolari a plea offer (the "Wakpamni Offer"), which required Galanis to plead guilty to the same three Wakpamni counts contemplated in the Gerova-Wakpamni Offer -- Counts One, Two, and Three. In exchange, the government agreed to dismiss the remaining count against him in the Wakpamni indictment. On January 19, 2017, Galanis pleaded guilty pursuant to the Wakpamni Offer.

On February 15, 2017, Galanis was sentenced in the Gerova Proceeding to 135 months' incarceration. Although the Guidelines range stipulated to in the Gerova Offer was 121 to 151 months, the Guidelines range applicable at the time of sentencing was 135 to 168 months, because Galanis's intervening plea in the Wakpamni Proceeding raised his criminal history category from II to III. *See* U.S.S.G. § 4A1.2(a)(4). On August 11, 2017, Galanis was sentenced in the Wakpamni Proceeding to 188 months' imprisonment, 60 months of which were to be served consecutively to the 135-month sentence in the Gerova Proceeding. The Guidelines range stipulated to in the Wakpamni Offer was 188 to 235 months, reflecting a criminal history category of III, rather than II, due to Galanis's guilty plea in the Gerova Proceeding. Thus, although the district court in both proceedings sentenced Galanis to the low end of the respective Guidelines range, his effective combined sentence was 195 months. By contrast, the joint Gerova-Wakpamni Offer had a stipulated Guidelines range of 168 to 210 months' imprisonment.

5

On March 2, 2017, Galanis timely filed a notice of appeal in the Gerova Proceeding. On August 29, 2017, Galanis timely filed a notice of appeal in the Wakpamni Proceeding. On October 5, 2017, Galanis filed a *pro se* motion in the Gerova Proceeding in the district court, seeking to vacate his conviction pursuant to Fed. R. Crim. P. 33 as a result of Mazzucco's alleged ineffective assistance. *See* Dkt. Nos. 448-49. The motion is stayed pending the outcome of these appeals. *See* Fed. R. Crim. P. 33(b)(1).

## DISCUSSION

Ineffective-assistance claims regarding plea offers are covered by the familiar two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The defendant must show that (1) his attorney's performance was deficient and (2) the deficient performance prejudiced him. *Missouri v. Frye*, 566 U.S. 134, 140 (2012). In the context of plea offers, counsel performs deficiently when he fails to (1) "communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused," *id* at 145, or (2) "inform the defendant of the strengths and weaknesses of the case against him, as well as the alternative sentences to which he will most likely be exposed," *Purdy v. United States*, 208 F.3d 41, 44-45 (2d Cir. 2000) (citing *United States v. Gordon*, 156 F.3d 376, 380 (2d Cir. 1998)). To prove prejudice, the defendant must show that, but for the counsel's errors, there is a reasonable probability that (1) he would have accepted a plea offer, (2) the plea offer would not have been

6

withdrawn by the prosecution in light of intervening circumstances, (3) the court would have accepted the terms of the plea offer, and (4) "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler v. Cooper*, 566 U.S. 156, 164 (2012); *see also Fulton v. Graham*, 802 F.3d 257, 265 (2d Cir. 2015).

We have serious questions as to whether Galanis received effective assistance of counsel. On July 19, 2016, Mazzucco received two plea offers from the government on Galanis's behalf; on July 20, he and his co-counsel met with Galanis at the Metropolitan Correctional Center; and by the end of the day on July 21, Galanis had pleaded guilty pursuant to the Gerova Offer. According to Galanis, "[t]he almost immediate timing of the plea hearing . . . was wholly to accommodate the fact that Mazzucco and [his colleague] Larson were flying back to California later that day." J. App'x at 199. Galanis avers that Mazzucco and a colleague had been denied year-end bonuses by the firm as a consequence of allegedly unpaid invoices in the Gerova representation and that, in October 2015, Mazzucco and his colleagues at the firm discussed by email how going to trial in the Gerova Proceeding would carry "enormous" costs in the "millions" and that it would, therefore, be "prudent" to consider having a public defender appointed instead. *Id.* at 198-99 & n.1.

It is against this backdrop that we consider Galanis's claim of ineffective assistance. Galanis avers that "[a]lthough Mazzucco and Larson discussed the Gerova-

7

only plea offer with [him], neither attorney counseled [him] concerning the merits of accepting the second, joint Gerova-Wakpamni plea offer." *Id.* at 197. This assertion has some support in the record. At Galanis's sentencing in the Gerova Proceeding, which occurred roughly one month after he accepted the Wakpamni Offer, Mazzucco argued to the court that Galanis's criminal history category should be II rather than III, despite the mechanical operation of U.S.S.G. § 4A1.2(a)(4). Mazzucco stated:

> I'm here to be candid with the Court. That's why I would like to make the chronological argument about the unfairness of . . . the base guideline calculation. . . . [W]hen [Galanis] pled to this case in July, there was an offer from the government to plead to both cases: This matter and the matter before Judge Abrams . . . . We could not enter into a disposition into that matter because, one, Mr. Galanis at the time was pro se; we were not appointed to represent him, nor were we retained; I had not seen a single lick of discovery. . . . I did forward some information . . . as to why he shouldn't be indicted in the case. But I was not professionally prepared -- nor could I have been -- to enter into that joint disposition. So we chose this disposition.

J. App'x at 164-66.

These admissions are troubling. They are made more troubling by the fact that (1) the government knew at the time it extended the plea offers that Galanis was unrepresented in the Wakpamni Proceeding, and (2) neither the government nor defense counsel made any mention of the joint Gerova-Wakpamni Offer at Galanis's plea hearing in the Gerova Proceeding. *See Frye*, 566 U.S. at 142 (noting that a plea hearing provides an opportunity for the trial court and all counsel to ensure that "the

8

defendant understands the process that led to any offer, the advantages and disadvantages of accepting it, and the sentencing consequences or possibilities that will ensue once a conviction is entered based upon the plea").  If Galanis's assertions are correct, he accepted the Gerova Offer without any advice as to whether entering separate pleas in the two proceedings would result in a higher criminal history category and a longer sentence.

The record regarding prejudice is similarly concerning.  Galanis avers that he "absolutely would not have rejected that joint plea offer and pleaded separately to the two cases had [he] been correctly and competently informed . . . about the effect that doing so would have both on [his] Guidelines criminal history score and on the likelihood of receiving consecutive sentences."  J. App'x at 202.  Similarly, at his sentencing in the Wakpamni Proceeding, Scolari stated that "[o]nce we were appointed . . . we reached out to the government and said, Mr. Galanis wants to plead on this other case.  He should have taken the joint plea and he wants to take the plea and the government said no."  *Id.* at 258.  Had Galanis accepted the Gerova-Wakpamni Offer, his criminal history category at sentencing would have been II, rather than III, and there would not have been any additional sentencing in the Wakpamni matter, as those counts were to be disposed of.  By pleading guilty pursuant to the Gerova Offer, Galanis's criminal history category increased to III in both the Gerova Proceeding and

9

the Wakpamni Proceeding, and Galanis exposed himself to the possibility of multiple, potentially consecutive, sentences.

Lastly, the record provides some support for Galanis's argument that acceptance of the Gerova-Wakpamni Offer would have led to a less severe sentence than that actually imposed. The district court in the Gerova Proceeding imposed a sentence of 135 months' incarceration. The district court in the Wakpamni Proceeding imposed a sentence of 188 months' incarceration, with 60 of those months to be served consecutively to Galanis's 135-month sentence in the Gerova Proceeding. Both of these sentences fell at the low end of their respective Guidelines range. Galanis's actual effective sentence was thus 195 months' imprisonment -- toward the upper end of the 168-to-210-month range contemplated in the Gerova-Wakpamni Offer. Had Galanis been sentenced at the low end of that range, 168 months, his sentence would have been 27 months less than the combined sentence he actually received.

\* \* \*

"[E]xcept in highly unusual circumstances," an allegedly ineffective lawyer should have "an opportunity to be heard and to present evidence, in the form of live testimony, affidavits, or briefs." *Sparman v. Edwards*, 154 F.3d 51, 52 (2d Cir. 1998) (per curiam). Accordingly, and pursuant to our practice in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), we remand to the district court such jurisdiction as is necessary to consider and rule upon Galanis's pending Rule 33 motion in the Gerova

10

Proceeding. See Dkt. Nos. 448-49. This Court (and this panel) shall retain jurisdiction over the matter. Upon a decision by the district court, full jurisdiction will be restored to this Court and this panel by either party informing us by letter of the district court's decision. We note that the government represented at oral argument that "if there was a *Jacobson* remand for the purpose of doing further fact-finding" and "if Judge Castel were to find that there [was] ineffective assistance with respect to the joint offer, the government would certainly consent to Mr. Galanis's withdrawal of his plea in the [Wakpamni] matter. We would not stand on formalities if there is a finding of ineffectiveness. We would carry out the joint plea offer." Oral Argument at 37:36-38:20. We thus will hold case no. 17-2713-cr pending further word from the parties.

For the foregoing reasons, case no. 17-629-cr is **REMANDED** to the district court for further proceedings consistent with this order and case no. 17-2713-cr will be **HELD** pending further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

11